UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CINTHYA V. CHAPARRO,
and other similarly situated individuals,

    Plaintiff,

v.

VMSB, LLC
d/b/a CASA CASUARINA
d/b/a GIANNI'S

    Defendant.
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CINTHYA V. CHAPARRO, by and through the undersigned counsel, and hereby sues Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff CINTHYA V. CHAPARRO is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S (hereinafter CASA CASUARINA, or Defendant) is a Florida corporation which has a place of business within

the jurisdiction of this Court. At all times, the Defendant was and is engaged in interstate commerce. The Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this Complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendant half-time overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after February 2019 (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Defendant CASA CASUARINA is an Italian/Mediterranean located at 1116, Ocean Drive, Miami Beach, Florida 33139, where the Plaintiff worked.

7. Defendant CASA CASUARINA employed Plaintiff CINTHYA V. CHAPARRO as a non-exempt, hourly, full-time restaurant employee, from about February 07, 2019, through approximately October 04, 2019, or 34 weeks.

8. The Plaintiff was a waitress, and her wage rate was $5.65 an hour. The Plaintiff's overtime rate should be $9.67 an hour.

9. In the course of employment with Defendant, the Plaintiff and other persons of the asserted class regularly worked overtime hours (that is, hours in excess of forty (40)per workweek, referred to herein as "overtime hours" and were not paid overtime compensation at an

overtime rate of time and one-half of their regular rate of pay (the "overtime rate") for all the hours worked.

10. The Plaintiff had a regular schedule. Usually, she worked 6 days per week, on Mondays and Tuesdays Plaintiff worked from 10:00 AM to 1:00 AM (15 hours each day); on Wednesdays, Friday, and Saturdays from 4:00 PM to 1:00 AM (9 hours each day), and on Sundays, she worked from 4:00 PM to 12:00 AM (8 hours). The Plaintiff worked a total of 63 hours weekly, Plaintiff has already deducted 2 hours of lunchtime, taken on Mondays and Tuesdays. The remaining days of the week, the Plaintiff was unable to take bonafide lunch periods.

11. Every week Plaintiff was paid for regular hours at $5.65 an hour plus tips. Sometimes, the Plaintiff was paid for some overtime hours, but at her regular rate. However, Defendant did not pay Plaintiff for all the overtime hours worked within a week period. There is a substantial number of overtime hours that were not paid at any rate, not even at the minimum wage rate.

12. The Plaintiff clocked in and out, and the Defendant was able to track the hours worked by the Plaintiff and other similarly situated individuals.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

14. The Plaintiff was not in agreement with the lack of payment for overtime hours, and she complained many times. The Plaintiff was terminated on or about October 4, 2019.

15. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§201-209. In that, Plaintiff and those employees similarly situated performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and the other similarly situated employees compensation to which they were lawfully entitled to all the hours worked in excess of forty within a workweek.

16. Plaintiff seeks to recover half-time overtime hours, which were paid at her regular wage-rate, overtime hours at the rate of time and one-half her regular wage-rate which were not paid, at any rate, liquidated damages, as well as any other relief as allowable by law.

17. The Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

18. Plaintiff CINTHYA V. CHAPARRO re-adopts every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum.

20. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce as to fall within the protections of the Act.

21. Defendant CASA CASUARINA employed Plaintiff CINTHYA V. CHAPARRO as a non-exempt, hourly, full-time restaurant employee, from about February 07, 2019, through approximately October 04, 2019, or 34 weeks.

22. The Plaintiff was a waitress, and her wage rate was $5.65 an hour. The Plaintiff's overtime rate should be $9.67 an hour.

23. In the course of employment with Defendant, the Plaintiff and other persons of the asserted class regularly worked overtime hours (that is, hours in excess of forty (40)per workweek, referred to herein as "overtime hours" and were not paid overtime compensation at an overtime rate of time and one-half of their regular rate of pay (the "overtime rate") for all the hours worked.

24. The Plaintiff had a regular schedule. Usually, she worked 6 days per week, a total of 63 hours weekly, Plaintiff has already deducted 2 hours of lunchtime, taken on Mondays and Tuesdays. The remaining days of the week, the Plaintiff was unable to take bonafide lunch periods.

25. Every week Plaintiff was paid for regular hours at $5.65 an hour plus tips. Sometimes, the Plaintiff was paid for some overtime hours, but at her regular rate. However, Defendant did not pay Plaintiff for all the overtime hours worked within a week period. There is a substantial number of overtime hours that were not paid at any rate, not even at the minimum wage rate.

26. The Plaintiff clocked in and out, and the Defendant was able to track the hours worked by the Plaintiff and other similarly situated individuals.

27. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation

of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

28. The records, if any, concerning the number of hours worked by the Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

29. The defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

30. The Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. The Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

31. Plaintiff is not in possession of time and payment records, but prior to the completion of discovery, she is going to provide a good faith estimate of unpaid overtime wages based on the best of Plaintiff's knowledge. The Plaintiff will adjust her statement of claim according to discovery.

*Please note that this is only a good faith estimate of the unpaid overtime. Any amount paid corresponding to overtime hours will be deducted after Defendant's production of time and payment records.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Seven Thousand Five Hundred Sixty-One Dollars and 94/100 ($7,561.94)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 34 weeks
   Total relevant number of weeks: 34 weeks
   Total number of overtime hours: 23 hours weekly
   Regular rate: $5.65
   $8.46 x 1.5= $12.69-$3.02 Max. Tip Credit=$9.67
   O/T rate: $9.67

O/T rate 9.67 x 23 O/T hours=$405.00=$222.41 weekly x 34 weeks=$7,561.94

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

  This amount represents unpaid overtime wages.

32. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendant knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

34. Defendant CASA CASUARINA willfully and intentionally refused to pay Plaintiff CINTHYA V. CHAPARRO overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

35. The Plaintiff seeks to recover for any unpaid overtime wages accumulated from the date of hire to her last day of employment.

36. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CINTHYA V. CHAPARRO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CINTHYA V. CHAPARRO and other similarly situated and against the Defendant CASA CASUARINA, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff CINTHYA V. CHAPARRO an equal amount in double damages/liquidated damages; and

D. Award Plaintiff CINTHYA V. CHAPARRO reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CINTHYA V. CHAPARRO and those similarly situated demand trial by a jury of all issues triable as of right by jury.

Dated: March 20, 2020

                                                Respectfully submitted,

                                                By: **/s/ Zandro E. Palma**
                                                ZANDRO E. PALMA, P.A.
                                                Florida Bar No.: 0024031
                                                9100 S. Dadeland Blvd.
                                                Suite 1500
                                                Miami, FL 33156
                                                Telephone: (305) 446-1500
                                                Facsimile: (305) 446-1502
                                                zep@thepalmalawgroup.com
                                                *Attorney for Plaintiff*